UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN M. KEYS, WILLIAM D. MALNAR,
DOUGLAS E. WOZNICK, DENNIS J. KUCYK,
THOMAS RAY, and MICHAEL J. HARRIS,　　　　　Case No. 09-cv-11105

　　　　　　　　Plaintiffs,　　　　　　　　　　　　Hon. Robert H. Cleland

-vs-　　　　　　　　　　　　　　　　　　　　　　Magistrate Judge Paul J. Komives

ARKEMA INC., a Foreign Corporation,

　　　　　　　　Defendant.
_____

| | |
|---|---|
| Lance W. Mason (P43926) | Timothy H. Howlett (P24030) |
| Lance W. Mason, P.C. | Erin J. Stovel (P66291) |
| Attorneys for Plaintiffs | Dickinson Wright PLLC |
| 615 Griswold, Suite 901 | Attorneys for Defendant |
| Detroit, MI 48226-3894 | 500 Woodward Avenue, Suite 4000 |
| (313) 967-9016 | Detroit, MI 48226 |
| Fax (313) 964-4789 | (313) 223-3500 |
| lancewmason@yahoo.com | Fax (313) 223-3598 |
| | thowlett@dicksinsonwright.com |
| | estovel@dickinsonwright.com |

_____

**STIPULATED PROTECTIVE ORDER**

　　　　The parties understand that certain discovery in the above-captioned matter may be deemed by the producing party to be confidential.  Accordingly, and pursuant to Fed. R. Civ. P. 26(c) and E.D. Mich. LR 5.3 and 5.4, the parties have stipulated to the following protective order.

　　　　It is accordingly ORDERED as follows:

　　　　1.　　In connection with discovery proceedings in this action, any party may designate any document, thing, material, testimony or other information derived therefrom,

which the designating party reasonably and in good faith believes to constitute sensitive personal information, proprietary business information and/or trade secrets, as "CONFIDENTIAL" under the terms of this Stipulated Protective Order (hereinafter, the "Protective Order").

2. Confidential documents shall be so designated by stamping copies of documents or materials produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless expressly stated otherwise by the producing party.

3. Testimony taken at a deposition, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding, or by designating such testimony as confidential following receipt of the transcript. In order to permit time for such designation, in the absence of other agreement, all deposition testimony shall be treated as confidential for 10 days from the date of receipt of the transcript from the court reporter. Within said 10 day period, any party may designate information contained in the transcript as confidential, whether or not previously designated as such, by notifying the other parties in writing of the specific pages and lines of the transcript or exhibit which contains such information. Failure to designate a transcript or portions thereof as confidential on the record at the deposition or other proceeding, or within said 10 day period, shall be a waiver of any claim that such transcript or portion thereof is confidential.

4. Material designated as confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter, the "Confidential Material") shall be used only for the purposes of the prosecution, defense, or settlement of this

action, and for no other purposes, and shall only be disclosed to those persons designated in Paragraph 5 of this Protective Order.

  5. Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to the Court, to Court personnel, to members of any jury empaneled in this case, to counsel for a party (including paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

  a. a named party;

  b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

  c. court reporter(s) employed in this action;

  d. a witness at any deposition or other proceeding in this action; and

  e. any other person as to whom the parties in writing agree or as ordered by the Court.

  6. Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Protective Order and shall execute a nondisclosure agreement in the form attached here as Exhibit A.  The parties will retain executed copies of Exhibit A, and such copies shall only be discoverable upon order of the Court for good cause shown in the context of a bona fide dispute about compliance with this Protective Order.

  7. Whenever any document or material designated confidential is disclosed or used at a deposition in which testimony in this action is given, each portion of any such testimony in which such information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Protective Order to have access to such information, and the transcript of such portion and all exhibits identified in that portion of the

transcript shall be marked confidential as applicable, and thereafter deemed to be fully subject to the provisions of this Protective Order.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

9. If Confidential Material, including any portion of a deposition transcript designated as Confidential, is attached to any papers filed with the Court, the parties will comply with the Federal Rules of Civil Procedure and E.D.Mich. LR 5.3(a) with regard to filing such documents under seal. To that end, any Confidential Materials to be filed with the Court are to be e-filed under seal in accordance with the Court's manual entitled Electronically Filing Sealed Documents, http://www.mied.uscourts.gov/CMECF/Policies/Sealed_docs.pdf.

10. In the event that any Confidential Material is used in any Court proceeding in this action, it shall not lose its confidential status through such use, and the party using the Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.

11. With the exception of those documents already produced as of the date hereof, documents shall be designated confidential at the time of production. Confidentiality designations for documents produced prior to the date of this Protective Order shall be made in writing within 21 days after entry of this Protective Order. All good-faith objections to any confidentiality designations must be submitted to opposing counsel in writing. Within 10 days of the designating party's receipt of such written notice from the objecting party, the designating party and the objecting party shall attempt to resolve the dispute. If an agreement on the

designation cannot be reached, it shall be the designating party's obligation to seek a Court order affirming that the information at issue is entitled to protection under the terms of this Protective Order.  That designating party shall move the Court for such an affirming order within 15 days of the failed attempt to resolve the dispute, unless the parties stipulate in writing to a different time-frame for the filing of such a motion.  The information in question shall be treated, consistent with its designation, as confidential pending an order from the Court.  A failure of the designating party to file its motion with the Court within the time designated in this paragraph, or such other time as to which the parties may otherwise agree (in writing), shall be deemed a waiver of the designation of the subject information as confidential; and the documents, information or other things originally so designated shall be deemed to be no longer subject to this Protective Order and any such documents previously filed with the Court under seal shall be unsealed.

        12.     This Protective Order shall be without prejudice to the right of the parties: (i) to bring before the Court at any time the question of whether any particular document or information is confidential, or whether its use should be restricted; or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  The party desiring to maintain confidentiality shall have the burden of establishing grounds for confidential treatment.  The parties may in the future make application for modification of this Protective Order.

        13.     Nothing contained herein shall prevent a party from utilizing another party's confidential documents and information at the trial of this case.  If either party wishes special treatment of confidential information at trial or with regard to any post-trial proceedings,

the same shall be sought through separate application to the Court, and nothing in this Protective Order is intended either to support or to undermine such an application.

14.   This Protective Order shall not require a party to produce confidential information that the party believes is not discoverable in this action.  Likewise, nothing in this Protective Order shall limit the right of the party seeking discovery from filing a motion seeking to compel the production of such documents.

15.   If at any time any information designated as confidential and governed by this Protective Order is subpoenaed or requested by a court, an administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed (the "Subpoenaed Party") shall give prompt written notice by facsimile to counsel for the party that designated the information as confidential (the "Designating Party") and include a copy of the subpoena or request (unless providing disclosure of the subpoena or request is prohibited by law or court order) to the Designating Party.  After the receipt of the notice specified under this paragraph, the Designating Party shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of documents or information designed confidential.  If the Designating Party does not move to quash the subpoena, move for a protective order, or seek another appropriate order within the time allowed for the discovery sought by the subpoena or request (or within such time as a court may direct or as may be agreed upon between the Designating Party and the subpoenaing or requesting party) or give written notice of such motion to the subpoenaing or requesting party and the Subpoenaed Party, the Subpoenaed Party may commence production in response thereto on the date designated on the subpoena or request.  In all other aspects, the Subpoenaed Party shall cooperate with the Designating Party to the extent permitted by law.

Upon the filing by the Designating Party of a motion to quash or for protective order, the Subpoenaed Party shall withhold production of documents during the pendency of the motion, unless required by law (or court order) not to withhold production.

16. To the extent that Confidential Material does not become known to the public, this Protective Order shall survive the final termination of this action. At the option of the producing person or party, within sixty (60) days of the final termination of this action, including appeals, all confidential information produced by any person or party during the course of the proceeding of this action and all copies thereof in any form stored or reproduced may either be: (a) promptly returned to the producing person or party, at the sole cost of the producing person or party; or (b) be destroyed; provided that counsel of record may retain one copy of the pleadings, correspondence, and attorneys' notes relating to this action, subject to the other terms of this Protective Order. The party or parties receiving the request to return or destroy such material may instead make the materials available to the requesting party or person for retrieval. The party or parties receiving any request to return or destroy such material shall certify compliance with this paragraph and deliver same to counsel for the producing person or party within sixty (60) days of the final termination of this action, including appeals. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

17. After the termination of this action by order or judgment, or by an appellate mandate if appealed, any Confidential Materials filed with the Court under seal pursuant to this Protective Order will, upon presentation of this Protective Order by a party to the Clerk's Office, be returned to the parties responsible for their submission. However, in the event that no request for the return of sealed documents is presented by a party to the Clerk's Office

within sixty (60) days of the termination of this action, said materials will be unsealed and placed in the public case file. Should the protected documents be returned to the parties or attorneys who submitted them, counsel shall maintain one archival copy of depositions, exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court.

**APPROVED and SO ORDERED:**

S/Robert H. Cleland
Honorable Robert H. Cleland
United States District Court Judge

**I stipulate to the form and entry of this Order:**

s/ Lance W. Mason, with consent
Lance W. Mason (P43926)
Attorney for Plaintiffs

Dated: July 8, 2009

s/ Erin J. Stovel
Erin J. Stovel (P66291)
Attorney for Defendant

Dated: July 10, 2009

# EXHIBIT "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare as follows:

I hereby acknowledge that I may receive information designated as CONFIDENTIAL related to the case Karen M. Keys, et al. vs. Arkema Inc., before the United States District Court for the Eastern District of Michigan (Southern Division), Case Number 09-cv-11105, before the Honorable Robert H. Cleland; and I certify to comply with the Protective Order.

I declare my understanding that such information is provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered in that proceeding (the "Protective Order").

I further state that I have been given a copy of, and have read the Protective Order; that I am familiar with its terms; that I agree to comply with and to be bound by each of the terms thereof; and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the Protective Order.

To assure my compliance with the Protective Order, I hereby submit myself to the jurisdiction of the United States District Court for the Eastern District of Michigan (Southern Division) for the limited purpose of any proceeding relating to this agreement, under the laws of the United States of America, that the foregoing is true and correct.

_____
(Signature)

Executed on this ___ day of _____, 2009

DETROIT 15737-99 1118536v1